AFROS S.P.A., Plaintiff,

v.

KRAUSS–MAFFEI
CORPORATION, Defendant.

Civ. A. No. 84–358 MMS.

United States District Court,
D. Delaware.

Oct. 16, 1987.

John G. Mulford, of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, Del., for plaintiff; Carl G. Love, William K. West, Jr., and Peter W. Gowdey, of Cushman, Darby & Cushman, Washington, D.C., of counsel.

William D. Bailey, Jr., of Bayard, Handelman and Murdoch, P.A., Wilmington, Del., for defendant; Robert J. Koch, and James W. Hellwege, Alexandria, Va., of counsel.

## OPINION ON MOTIONS TO AMEND FINDINGS AND FOR REARGUMENT

MURRAY M. SCHWARTZ, Chief Judge.

On August 17, 1987, this Court issued an opinion [1] on the liability phase of this patent litigation holding the '335 Patent valid and infringed. Additionally, the Court found the infringement by Krauss-Maffie ("KMC") to be willful, and that this willfulness was sufficient to warrant triple damages under 35 U.S.C. § 284. The Court further found exceptional circumstances justifying an award to Afros of attorneys' fees under 35 U.S.C. § 285. Lastly, the Court found that the assignment of patent rights from Krauss-Maffei Aktiengesellschaft ("KMAG") to KMC was inadequate under United States patent law to permit KMC to bring the counterclaim on September 19, 1984. Finally, as an alternative holding to the inadequacy of assignment,

---

1. This case has generated three opinions. *See* 671 F.Supp. 1402 (D.Del.1987) (*"Afros III"*) (holding KMC liable for willful infringement of Afros' '335 patent); 113 F.R.D. 127 (D.Del.1986) (*"Afros II"*) (compelling production of documents by KMAG); 624 F.Supp. 464 (D.Del. 1985) (*"Afros I"*) (dismissing KMAG for lack of *in personam* jurisdiction).

the Court found the KMC patents valid but not infringed by the plaintiff's devices.

Presently before the Court are the motions of defendant KMC for reargument and to amend the Court's Federal Rule of Civil Procedure 52(a) findings as set forth in *Afros III.* Both motions will be considered together. KMC objects to the findings of fact and conclusions of law of *Afros III* in several particulars, two of which warrant further discussion.[2] First, KMC contends that no basis in fact exists to support the Court's finding that KMC had actual notice of Afros' patent rights. Second, KMC contends that it should not be found liable for willful infringement of Afros' patents because it is merely a subsidiary of KMAG, which is not a party to this litigation.

**Notice**

■ Fairly read, defendant appears to assert a lack of evidentiary basis from which the Court could infer notice sufficient for 35 U.S.C. § 287 purposes. The short answer to defendant's argument is the Court never referenced § 287 in its discussion. *See Afros III* pp. 1438–1439. Given defendant's apparent confusion, with benefit of hindsight it would have been preferable to use the word "knowledge" instead of "notice." However, it is abundantly clear from the context that the Court was addressing the knowledge of the defendant. Moreover, if the context were not sufficiently clear, omission of any mention of § 287 or discussion of any of its requirements should have made clear that § 287 was not the focus of the portion of the opinion to which defendant objects. The issue of when KMC had notice for § 287 purposes must await the damage phase of this litigation.

**Willfulness**

■ Defendant's core objection to the Court's willfulness determination is that acts done by the parent KMAG formed the basis for finding willfulness by KMC, its 100% owned subsidiary. In determining whether an infringer's misconduct was willful, the Court must assess the sum of the circumstances of the particular case. *Central Soya Co. v. Geo. A. Hormel & Co.,* 723 F.2d 1573, 1577 (Fed.Cir.1983); *Underwater Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380, 1390 (Fed.Cir.1983). The Federal Circuit has developed the willfulness doctrine extensively since that court's inception. Its holdings indicate unmistakably that no litmus test for willfulness or lack of willfulness exists. *See, e.g, Rolls-Royce Ltd. v. GTE Valeron Corp.,* 800 F.2d 1101, 1110 (Fed.Cir.1986) (no *per se* rule of willfulness); *King Instrument Corp. v. Otari Corp.,* 767 F.2d 853, 866–67 (Fed.Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1197, 89 L.Ed.2d 312 (1986) (affirming district court ruling of no willfulness despite defendant's knowledge of the patent and failure to seek advice of counsel). Rather, in the words of Judge Wright, the Federal Circuit has taught that the "willfulness determination is highly fact-based, and failure to consider the totality of circumstances … is an error of law." *Studiengesellschaft Kohle m.b.H. v. Dart Industries, Inc.,* 666 F.Supp. 674, 687 (D.Del.1987). *See also Machinery Corp. of America v. Gullfiber AB,* 774 F.2d 467, 472–73 (Fed.Cir.1985) (mental state of infringer, as manifested by surrounding circumstances, is controlling).

In my view the specific facts of this case, when viewed as a whole, demand that the willfulness of the parent be imputed to its wholly owned subsidiary. Those facts are:

**2.** The issues pressed by the defendant as meriting reconsideration by the Court of its August findings include the sufficiency of the evidence supporting the Court's finding of willfulness, and the characterization of defendant's tactics as designed to "obfuscate and frustrate." *Afros III* at 1441. In addition, in its motion for reargument defendant asserts that various findings of the Court are unsupported by the facts and law, including: (1) the Court's finding that Afros' '335 patent is valid; (2) the finding that

Afros' actions did not constitute inequitable conduct; (3) the finding of noninfringement of defendant's '515 patent by Afros; and (4) the finding of willful infringement and awarding of attorney's fees. Only the fourth assertion is addressed here. Having already dealt with other issues at length in *Afros III,* and having resolved them against the defendant, the Court declines defendant's invitation to rehash them yet again.

(a) KMAG has owned one hundred percent of KMC's stock since its inception. *Afros I*, 624 F.Supp. at 466.

(b) KMC's Board of Directors is made up of four members, each of whom held a high ranking position with KMAG during the relevant time period. *Afros II*, 113 F.R.D. at 131. Messrs. Wiehenbrauk and Hingst and Dr. Nill headed operating divisions of KMAG, and Dr. Hwendick was a member of KMAG's Board of Directors as well as KMC's board. *Id.* at 131–32. In addition, Mr. Hingst was both president of KMC and chief executive of KMAG's plastic machinery division. Deposition of Juergen Peter Hingst (April 29, 1985), Dkt. 49, at 19 (hereinafter cited as Hingst Dep.).

(c) KMC is the exclusive seller of KMAG products in the United States. *Afros I*, 624 F.Supp. at 466–67.

(d) Manfred Petersen, the general manager of the urethane section of KMAG's plastics division, described KMC as KMAG's "acting arm in the United States." *Id.* at 467.

(e) KMC has held Board of Directors' meetings in KMAG's offices in Munich. Deposition of Helmut Fehl (April 19, 1985), Dkt. 48, at 40.

(f) The assignment of KMAG's mixing head patent rights, immediately after the institution of this litigation, occurred without the knowledge of Mr. Hingst, the president of KMC. Hingst Dep. at 28. One dollar was paid as nominal consideration for the transfer. *Afros II*, 113 F.R.D. at 132.

(g) Finally, the decision to assign KMAG's patent to KMC and file a counterclaim against Afros was made by Mr. Petersen, without the knowledge or consent of the principals of KMC. Hingst Dep. at 27–28.

■ Imputation of a parent's willful patent infringement to its subsidiary is fact specific and will not occur in every case. Adoption of a per se rule that willful patent infringement can never be imputed from a parent to its wholly owned subsidiary as urged by KMC runs counter to the Federal Circuit's teaching that "there cannot be hard and fast *per se* rules" in determining willfulness. *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d at 1110. Moreover, if defendant's view were to prevail on the facts of this case, corporations of foreign countries and their United States wholly owned subsidiaries would hold a distinct advantage over American corporations subject to the jurisdiction of United States Federal Courts. Foreign corporations and wholly owned American subsidiaries could do business undeterred by the willfulness provisions of the United States patent statute while United States corporations would be subject to a finding of willfulness. While it is true American corporations could in the future structure ownership of its patents so as to also obtain insulation from a willfulness determination, the net effect would render the willfulness component of the United States patent statute a nullity.

An order will be entered denying KMC's Motion for Reargument and for Amendment of Findings.